# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMONTRE ROSS,

              Plaintiff,

v.

JOAH TUCKER and TUCKER INVESTMENTS,

              Defendants.

Case No. 19-CV-740-JPS

**ORDER**

      Plaintiff has filed a *pro se* complaint in this court regarding a dispute with his former landlord, as well as a motion to proceed without prepayment of the filing fee. (Docket #1, #2).[1] In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether Plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. § 1915(a), (e)(2)(B).

      In this case, the Court need not consider Plaintiff's financial means or his ability to pay the filing fee. Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it, or any portion thereof, if it raises claims that are legally "frivolous or malicious," fails to state a claim

---

[1] Plaintiff is currently detained at Mendota Mental Health Institute following a finding of "guilty but not guilty due to mental disease/defect" on a charge of reckless homicide in Milwaukee County Circuit Court. *State of Wisconsin v. Amontre Ross*, Case No. 2017CF000459, *available at* https://wcca.wicourts.gov. In light of the "not guilty" determination, he is technically not a "prisoner" for the purposes of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(h); *Banks v. Robert*, No. 16-cv-720-PP, 2017 WL 1902707, at *2 (E.D. Wis. May 8, 2017) (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2011)).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (holding that "[d]istrict judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's complaint falls short of even this low bar. Plaintiff describes how he was a long-time tenant of Defendant Joah Tucker's ("Defendant Tucker"), and had lived in three of Defendant Tucker's properties over the years.[2] (Docket #1 at 2). When Plaintiff moved into the third property, he apparently forgot to close his energy account with WE Energies. The subsequent tenant ran up a thousand-dollar energy bill, leaving Plaintiff responsible for it. WE Energies would only correct the error if Defendant Tucker informed them that he had allowed a new tenant to move in without opening a new account. Defendant Tucker refused; he was apparently angry because Plaintiff owed him money. As a result, Plaintiff sat in the dark for two months while he tried to save enough money to pay for an energy bill that was not his. He explains that during this time, he fell behind on rent, but "caught back up soon thereafter, all on handshake deals." *Id.* It is unclear whether this means that Defendant Tucker agreed to waive the rent that was in arrears.

Five months into his new tenancy, Plaintiff went to Arkansas, leaving a key with his brother. Plaintiff believes that Defendant Tucker took the key from his brother and unlawfully inhabited his space, causing minor property damage to his mattress. Defendant Tucker refused to return the key, and Plaintiff began to think that Defendant Tucker was surveilling the residence with microphones. Defendant Tucker also made unwanted sexual advances towards Plaintiff, which Plaintiff found harassing and

---

[2] "Tucker Investments" appears to be the name of Defendant Tucker's rental operation. For the purposes of this order, all references to Defendant Tucker in his capacity as a landlord will imply Tucker Investments, as well.

predatory because Plaintiff is heterosexual. Plaintiff fell behind in rent again, and Defendant Tucker evicted Plaintiff. Plaintiff moved out without a fight, in light of how sexually forward Defendant Tucker had been with him.

The Fair Housing Act makes it unlawful to discriminate against anyone in the sale or rental of housing based on their race, color, religion, sex, family status, or national origin. 42 U.S.C. § 3604. Plaintiff's complaint states that he was evicted as a result of his failure to pay rent despite apparent verbal agreements that he had with Defendant Tucker. He also complains that he paid a utility bill that was not his. These landlord-tenant issues are not actionable under the Fair Housing Act, and there is no other basis for federal jurisdiction because the parties are all from Wisconsin. (Docket #1 at 1–2); 28 U.S.C. § 1332. While discrimination based on sexual orientation is actionable under the Fair Housing Act, Plaintiff does not allege that he was evicted for his heterosexuality, or that the harassment that he experienced was "severe or pervasive." *Wetzel v. Glen St. Andrew Living Comm., LLC*, 901 F.3d 856, 862 (7th Cir. 2018). Therefore, his complaint must be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge